IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LISA MYERS, | CIVIL ACTION |
|---|---|
| Plaintiff, | NO. 16-5214 |
| v. | |
| CREDIT ONE BANK, N.A., | |
| Defendant. | |

**MEMORANDUM OPINION**

**Schmehl, J.**  /s/ JLS                                          August 29, 2017

Before the Court is the motion of defendant, Credit One Bank, N.A., ("Credit One") to dismiss and compel arbitration. Plaintiff, Lisa Myers ("Myers") has opposed the motion and Defendant has filed a reply. Having read the parties' briefs and reviewing all exhibits, I will grant Defendant's motion to dismiss and compel this matter to arbitration.[1]

**I.     BACKGROUND**

Plaintiff applied for and was issued a credit card by Credit One. The credit card agreement contained an arbitration provision in which Myers and Credit One agreed to resolve any disputes between them through arbitration. Plaintiff filed claims against Credit One that arose out of her failure to pay her credit card account. Defendant filed the instant motion seeking to uphold the arbitration clause in question and compel Myers to arbitrate her claims against it.

---

[1] Plaintiff in this matter initially sued Credit One and six other defendants. All defendants with the exception of Credit One have settled Plaintiff's claims against them and been dismissed from the case.

## II.     STATEMENT OF FACTS

On October 18, 2011, Credit One mailed Myers a written solicitation for a pre-approved credit card. (Docket No. 31, Ex. A.) Myers thereafter applied for a Credit One credit card account, and Credit One issued her a Visa credit card. (Docket No. 31, Ex. A., ¶¶ 8-9.) In the same envelope as the credit card, Myers received a copy of the Visa/MasterCard Cardholder Agreement, Disclosure Statement and Arbitration Agreement ("the Agreement"). (Docket No. 31, Ex. A-3.) The Agreement contains an arbitration provision that provides, in relevant part:

> *Agreement to Arbitrate:*
> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This arbitration provision is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., and (to the extent State law is applicable), the State law governing this Agreement.
>
> *Claims Covered:*
> - Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your account, any disclosures or other documents or communications relating to your account, whether authorized or not, billing errors, credit reporting, the posting of transactions, payments or credits, or collections matters relating to your account. . . the application, enforceability or interpretation of this Agreement, including this arbitration provision, and any other matters relating to your account, a prior related account or the resulting relationships between you and us. Any questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.
>   . . .
> - If you or we require arbitration of a particular Claim, neither you, we, nor any other person may pursue the Claim in any litigation. . .

(Docket No. 31, Ex. A-3 at p. 5.)

Charges and payments were made on the credit card for months, then payments to Credit One stopped.[2] (Docket No. 31, Ex. A-4.) Thereafter, Myers commenced the instant litigation against Credit One and numerous other defendants. Myers' Amended Complaint alleges that Credit One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (Amended Complaint, ¶ 49.) Plaintiff has alleged improper credit reporting on the part of Credit One and inaccuracies of her Credit One tradeline on her consumer report. (Id., ¶¶ 20-23, 25-28.)

### III   STANDARD OF REVIEW

The Federal Arbitration Act ("FAA"), which applies to any dispute in state or federal court concerning contracts affecting interstate commerce, strongly favors resolving disputes through arbitration. Hopkins v. New Day Fin., 643 F.Supp.2d 704, 713 (E.D. Pa. 2009). The FAA states that "A written provision in. . . a contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. It is undisputed that there is a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-26 (1991). The FAA "establishes a strong policy in favor of compelling arbitration over litigation," Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000), and arbitration agreements falling within the scope of the FAA "must be rigorously enforce[d]." Perry v. Thomas, 482 U.S. 483, 490 (1987).

---

[2] Plaintiff does not concede that she had an account with Credit One, and claims that she does not recall the account and does not recall opening the account. (Amended Compl. ¶ 19.)

3

**III.    DISCUSSION**

In opposing Defendant's motion, Plaintiff argues that the Agreement is unenforceable on three grounds: 1) she did not enter into the Agreement with Credit One; 2) the Agreement is substantively unconscionable; and 3) Credit One's alleged delay in seeking to compel arbitration constitutes a waiver.

First, I will briefly address Myers' argument that she "does not recall" opening the Credit One account in question. As stated by Defendant, there is a rebuttable presumption that an item properly mailed is received by the addressee. See Krutchik v. Chase Bank USA, N.A., 531 F.Supp.2d 1359 (S.D. Fla. 2008). To rebut such a presumption, the recipient must unequivocally deny the receipt of the item and provide some substantiating evidence that the item was not received. Id. at 1365.

In this case, the evidence shows that Credit One sent a credit application directly to Plaintiff's address, which is the same address that is listed on her credit report. (Docket No. 42, Ex. B.) Plaintiff returned the application with her signature, social security number, birthdate, phone number and email. (Docket No. 31, Ex. A-2.) Myers used and made payments on the credit card in question. (Docket No. 31, Ex. A-4.) Lastly, Myers did not unequivocally deny that she opened the account; she merely claims that she "does not recall" opening it. Therefore, due to Plaintiff's failure to unequivocally deny that she received the credit application and the lack of evidence substantiating that she did not receive it, she cannot rebut the presumption that she received the credit application and opened the account in question.

"Under Pennsylvania law, the test for unconscionability is whether one of the parties lacked a meaningful choice about whether to accept the provision in question and

the challenged provision or contract unreasonably favors the other party to the contract." Grant v. The Philadelphia Eagles, LLC, 2009 WL 1845231, at *6 (E.D.Pa. June 24, 2009). Unconscionability has both procedural and substantive elements. Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir.1999). Under Pennsylvania law, there must be both procedural and substantive unconscionability in order to void an arbitration provision. See id. at 181.

In the instant matter, Plaintiff argues that the Agreement is substantively unconscionable, as it proposes to limit the amount of discovery available to her at arbitration, requires her to pay the initial filing fee if she files for arbitration, and requires each party to bear their own costs, regardless of who prevails. Myers argues that this language in the Agreement would require a substantial outlay of costs in order for her to proceed with her claim against Credit One, and would therefore effectively end that claim.

However, I do not need to determine whether the Agreement is unconscionable or not, as that is an issue to be decided by the arbitrator. The Agreement clearly states that all claims should be heard by an arbitrator, including claims regarding the "application, enforceability or interpretation of this Agreement, including this arbitration provision." (Docket No. 31, Ex. A, p. 5.) This is called a delegation clause, and it generally requires that all "questions of arbitrability must go to an arbitrator." Quillion v. Tenet HealthSystem Philadelphia, Inc., 673 F.3d 221, 229 ( 3d Circ. 2012.) The United States Supreme Court has held that when a party challenges an arbitration agreement as a whole, rather than specifically contests the delegation of authority to the arbitrator, the enforceability and applicability of the arbitration clause is to be decided by the arbitrator.

5

Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010). The Rent-A-Center case was interpreted by the Third Circuit in both Quillion and South Jersey Sanitation Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc., 840 F.3d 138 (3d Cir. 2016). In Quillion, the Third Circuit found that the arbitration agreement in question was an agreement to "arbitrate employment issues generally," but did not include a specific provision delegating the issue of arbitrability to the arbitrator. Quillion, 673 F.3d at 229. This was different from Rent-A-Center, where there was an additional agreement to arbitrate threshold issues of arbitrability. Therefore, the Quillion court concluded that it was proper for the court to decide the issue of arbitrability, not an arbitrator. Id.

Four years later, the Third Circuit decided South Jersey Sanitation, and held that the plaintiff was challenging the arbitration agreement as a whole, not the agreement to arbitrate specifically, and therefore, the gateway issue of arbitrability was for the arbitrator to decide, as provided by the agreement entered into by the parties. South Jersey Sanitation, 840 F.3d at 144. Further, one of my colleagues, the Honorable Michael M. Baylson, recently found in two separate cases that a party challenging an arbitration provision as unconscionable must specifically argue the unconscionability of the delegation clause to avoid the issue of arbitrability being decided by an arbitrator instead of the court. See Pocalyko v. Baker Tilly Virchow Crouse, LLP, 2016 WL 6962875, at *4 (E.D. Pa. Nov. 29, 2016); see also Davis v. Uber Technologies, Inc., 2017 WL 3167807 (E.D. Pa. July 25, 2017).

In this case, the language of the Agreement plainly grants authority over the gateway issue of arbitrability to the arbitrator. Therefore, as Plaintiff's argument in opposition to the Agreement focus on not the delegation clause, but the conscionability of the

Agreement as a whole, any arguments as to the arbitrability of the Agreement are for an arbitrator to decide, not the court.

Lastly, as to the claim that Credit One's delay in filing its motion to dismiss acts as a waiver, I find Plaintiff's argument to be unpersuasive. The dockets in this matter reflect that Plaintiff had issues serving Credit One, as it was not properly served until January 5, 2017. Credit One's motion to dismiss was then filed on January 12, 2017. Clearly, this motion was timely and there was no delay. Accordingly, Defendant's Motion to Dismiss is granted and this matter shall be compelled to arbitration.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and to Compel Arbitration is granted. This matter shall proceed to arbitration as contained in the arbitration agreement, and this matter shall be dismissed.